In re Dale Allen Hamer















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-165-CR

IN RE DALE ALLEN HAMER

 

 Original Proceeding
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Dale Allen Hamer has filed a petition for writ of mandamus with this Court. According to
the petition, Hamer has been convicted of a felony offense and desires forensic DNA testing under
the provisions of chapter 64 of the Code of Criminal Procedure. See Tex. Code Crim. Proc.
Ann. arts. 64.01-.05 (Vernon Supp. 2002). Hamer seeks a writ of mandamus from this
Courtâordering and directing [the District Attorney of Johnson County] to follow state law.â
Â Â Â Â Â Â This Court does not have jurisdiction to issue a writ of mandamus against a district attorney. 
See Garner v. Gately, 909 S.W.2d 61, 62 (Tex. App.âWaco 1995, orig. proceeding); Tex. Gov.
Code. Ann. Â§ 22.221 (Vernon Supp. 2002). Accordingly, we deny the petition.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM
Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Gray
Petition denied
Opinion delivered and filed July 3, 2002
Do not publish
[CR25]



pan
style='font-family:Palatino'>Now if you find from the evidence beyond a
reasonable doubt that on or about the 25th day of August, 1991, in McLennan
County, Texas, the defendant, Gilberto Mata, Sr., did then and there,
intentionally or knowingly engage in sexual contact with [T.G.] by touching the
genitals of [T.G.], a child younger than seventeen years of age and not the
spouse of the defendant, then you will find the defendant guilty of the
offense of Indecency with a Child, as alleged in Count 1 of the indictment.

Â 

[Emphasis
added].

Â 

Count 2 in the charge reads:

Now if you find from the evidence beyond a
reasonable doubt that on or about the 25th day of September, 1991, in McLennan
County, Texas, the defendant, Gilberto Mata, Sr., did then and there,
intentionally or knowingly cause the sexual organ of [T.G.], a child who was
then and there younger than 14 years of age and not the spouse of the defendant,
to contact or be penetrated by the sexual organ of the defendant, then you will
find the defendant guilty of the offense of Aggravated Sexual Assault, as
alleged in Count 2 of the indictment.

Â 

[Emphasis
added].

Â 

   We will assume error and assess
whether harm occurred.Â  An unpreserved complaint about a charge error in a
criminal case is reviewed for Âegregious harm.ÂÂ  Almanza v. State, 686
S.W.2d 157, 171-72 (Tex. Crim. App. 1985) (op. on rehÂg).Â  Because no objection
to the charge was made, Mata must show that he suffered egregious harm, a
difficult standard that is determined on a case-by-case basis.Â  Ellison v.
State, 86 S.W.3d 226, 227 (Tex. Crim. App. 2002).Â  Errors that result in
egregious harm are those that affect Âthe very basis of the case,Â deprive the
defendant of a Âvaluable right,Â or Âvitally affect a defensive theory.ÂÂ  Hutch
v. State, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996) (citing Almanza,
686 S.W.2d at 172).Â  The harm to Mata must be actual, not just theoretical.Â  Almanza,
686 S.W.2d at 174.Â  In deciding whether egregious harm exists, we look at (1)
the charge itself, (2) the state of the evidence, including contested issues,
(3) the arguments of counsel, and (4) any other relevant information revealed
by the record of the trial as a whole.Â  Hutch, 922 S.W.2d at 171.

Â Â Â Â Â Â Â Â Â Â Â  The evidence was uncontested that T.G.
was both a child as defined in the charge and not MataÂs spouse.Â  T.G.
testified that her date of birth was August 25, 1985, that her mother had left
her to live with Mata and his wife when T.G. was six years old, and that Mata
took on the role of father and grandfather.Â  Further, the charge defined
ÂchildÂ as Âa person younger than seventeen (17) years of age who is not the
spouse of the actor.ÂÂ  We hold that Mata has not suffered egregious harm.Â 
Issues one through ten are overruled.

Sentencing Issues

Â Â Â Â Â Â Â Â Â Â Â  The trial court ÂstackedÂ the three
twenty-year sentences on counts 8, 9, and 10, ordering them to be served
consecutively.Â  Relying on Villescas v. State, 189 S.W.3d 290 (Tex.
Crim. App. 2006), issue eleven complains that MataÂs constitutional rights to
due process and due course of law were violated because he was not given
pretrial notice of the StateÂs intent to seek consecutive sentences.Â  Villescas
does not address the issue of notice of sentence cumulation.

This court and others have addressed this issue,
holding that the statutes (Tex. Code
Crim. Proc. Ann. art. 42.08 (Vernon 2006); Tex. Pen. Code Ann. Â§ 3.03(b)(2)(A) (Vernon Supp. 2006)) do
not require the giving of notice or that those statutes are the notice.Â  Tyson
v. State, 172 S.W.3d 172, 176 (Tex. App.ÂFort Worth 2005, pet. refÂd); see
also Millslagle v. State, 150 S.W.3d 781, 784-85 (Tex. App.ÂAustin
2004, pet. dismÂd); Miller v. State, 2005 WL 1654754, at *1 (Tex. App.ÂWaco July 13, 2005, no pet.)Â  (mem. op.) (not designated for publication); Levine v.
State, 2001 WL 43052, at *2-3 (Tex. App.ÂAmarillo, Jan. 16, 2001, no pet.)
(not designated for publication).Â  Accordingly, we overrule issue eleven.

Issues twelve and thirteen assert that the trial
courtÂs cumulation order violated MataÂs Sixth Amendment right to a jury trial
and that section 3.03(b)(2)(A) is unconstitutional on its face and as applied
on that same basis.Â  The Court of Criminal Appeals recently addressed an almost
identical complaint and held there was no constitutional infirmity.Â  Barrow
v. State, 207 S.W.3d 377, 379-82 (Tex. Crim. App. 2006).Â  Despite the
developing case law in this area in the United States Supreme Court,[1]
we are constrained to follow Barrow.Â  Issues twelve and thirteen are
overruled.

Â 

Â 

Having overruled all of MataÂs issues, we affirm
the trial courtÂs judgment.

Â 

Â 

BILL VANCE

Justice

Â 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

(Chief Justice Gray concurs in the judgment, but
not the opinion, of the Court without a separate opinion.)

Affirmed

Opinion
delivered and filed March 14, 2007

Do
not publish

[CRPM]









[1] Â Â Â Â Â Â Â Â Â Â Â Â Â  See, e.g., Cunningham v.
California, --- U.S. ---, 127 S.Ct. 856, 2007 WL 135687 (Jan. 22,
2007); United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d
621 (2005); Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); Ring
v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002); Apprendi
v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147
L.Ed.2d 435 (2000).